**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN LIZARDI, | No.    18-72576 |
| Petitioner, | Agency No. A205-530-611 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2020
San Francisco, California

Before:  THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.

Benjamin Lizardi, a native and citizen of Mexico, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying his claim for protection

under the Convention Against Torture (CAT).

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 8 U.S.C. § 1252. We grant the Petition for Review. Because the parties are familiar with the history of this case, we need not recount it here.

Substantial evidence does not support the agency's denial of relief under the CAT. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015) (stating substantial evidence standard). To reverse the BIA's factual finding, "the evidence must compel a different conclusion from the one reached by the BIA." *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

To obtain CAT relief, an applicant must show he is "more likely than not" to be tortured upon removal. 8 C.F.R. § 208.16(c)(2); *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009). The IJ and BIA must consider

> all evidence relevant to the possibility of future torture . . . , including, but not limited to:
>
> (i) Evidence of past torture inflicted upon the applicant;
>
> (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
>
> (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and
>
> (iv) Other relevant information regarding conditions in the country of removal. 8 C.F.R. § 208.16(c)(3).

2

The applicant does not have the "burden . . . to demonstrate that relocation within the proposed country of removal is impossible because the IJ must consider all relevant evidence; no one factor is determinative." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).[1] The BIA must consider whether relocation would be safe and reasonable. *Akosung v. Barr*, 970 F.3d 1095, 1101-02 (9th Cir. 2020); *Barajas-Romero v. Lynch*, 846 F.3d 351, 364 (9th Cir. 2017).

Both the IJ and the BIA found that Lizardi was not more likely than not to be tortured upon removal to Mexico. The BIA determined that, although Lizardi had been tortured in the past by the Chikiminiki gang, he had not established "a likelihood of torture outside of the local areas where he may be identifiable to Chikiminiki group members and their affiliates." The BIA reasoned that Lizardi could thus relocate within Mexico.

This conclusion is not supported by substantial evidence. The Chikiminiki gang's persistence in torturing Lizardi 13 years after he first refused to work for them demonstrates a high risk of torture upon his return. And, "past torture is ordinarily the principal factor on which we rely when an applicant who has previously been tortured seeks relief under the Convention." *Nuru v. Gonzales*,

---

[1] The BIA erroneously stated that "the applicant has the burden of proof with respect to the ability to relocate within the country of proposed removal," citing *Maldonado*. That was a misstatement of the *Maldonado* holding and the law.

3

404 F.3d 1207, 1218 (9th Cir. 2005). Further, Lizardi testified that the Chikiminiki group is affiliated with the Gulf Cartel, which has a widespread presence in Mexico. Indeed, country conditions evidence establishes widespread cartel violence and government complicity throughout Mexico.

In addition, Lizardi testified that his son was kidnapped, that he was shot at while leaving Mexico, and that he was followed when he lived in another area of Mexico for a time. The IJ dismissed his testimony as speculative as to whether the Chikiminiki group was responsible for these episodes. However, the IJ determined that Lizardi testified credibly, and the BIA did not disturb this finding. In the CAT context, there is no requirement that the applicant show that each instance of past persecution was initiated by the same group who inflicted the torture. Rather, the determination must be made as to whether relocation would be safe and reasonable. *Akosung*, 970 F.3d at 1101-02. There is no evidence in the record as to a place in Mexico where Lizardi could safely and reasonably relocate. Given the agency's determination that he would likely be tortured on return to Mexico State, with undisputed evidence that he has been pursued or persecuted everywhere he has lived in Mexico, coupled with an absence of evidence of a place he could reasonably and safely relocate, the record compels the conclusion that Lizardi will more likely than not be tortured upon removal to Mexico.

4

In sum, Lizardi is entitled to withholding of removal under CAT.  We remand for grant of that relief.  Given our resolution of this issue, it is unnecessary to reach any other issue presented on appeal.

**PETITION GRANTED; REMANDED WITH INSTRUCTIONS.**